# HEYLMAN v. DISTRICT OF COLUMBIA.

TRIAL; POLICE REGULATIONS; EVIDENCE; BARKING DOGS.

1. *Quære,* Whether in case of trial by the police court, any more than in a trial by jury, a conviction can be affirmed on appeal, where material testimony has been erroneously admitted on behalf of the prosecution.

2. Sec. 1, art. 7, Police Regulations, D. C., prohibiting the keeping of a dog whose barking disturbs the comfort and quiet of any person who may be in ill health, "to be evidenced by the certificate of a duly licensed physician," provides for a character of proof of the offense which is illegal; and the regulation is void and incapable of enforcement.

3. The test of the reasonableness of a police regulation prohibiting a nuisance in the use of one's property is that the prohibited use must be one naturally productive of material .discomfort to persons of ordinary susceptibilities, tastes, and habits; and, under ordinary cir-

cumstances, exceptions cannot be made to meet cases of pronounced idiosyncrasies and infirm health. (Following *Akers* v. *Marsh,* 19 App. D. C. 28.)

No. 1658. Submitted May 1, 1906. Decided May 21, 1906.

In ERROR to the Police Court of the District of Columbia.
*Judgment reversed.*

The COURT in the opinion stated the facts as follows:

Clarence G. Heylman was convicted in the police court on an information charging that he, "being then and there the owner and possessor of certain dogs, permitted said dogs to disturb the quiet and comfort of a certain person in ill health, as evidenced by the certificate of a licensed physician," and has been granted a writ of error to review the judgment. The information is founded on sec. 1 of article 7, of the Police Regulations, which reads as follows:

"No person shall own or keep in the District of Columbia any animal of the dog kind which shall, by barking, howling, or in any manner whatsoever, disturb the .comfort or quiet of any neighborhood, or of any person who may be in ill health, to be evidenced by the certificate of a duly licensed physician."

No objection was offered to the information because of its failure to name the person whose health was injuriously affected, and the case was tried before the court without a jury.

The District introduced, first, the testimony of the complaining witness, Rogers, which tended to show that his wife was in delicate health, suffering from nervousness and insomnia; that the barking of dogs at night awakened her; and that when awakened she cannot go to sleep again.

This was followed by a certificate signed by Mary Parsons, M. D., to the following effect: That Mrs. Rogers has been so constantly annoyed by the continued barking of dogs kept by the defendant that it has reduced her to a condition of chronic insomnia, and she is threatened with complete nervous prostration in consequence. The physician was then sworn,

and testified that Mrs. Rogers was in a serious nervous condition, and that the barking of dogs would aggravate her sickness. On cross-examination she said that Mrs. Rogers was usually able to attend to her household duties and to go out of doors, but was sometimes confined to her bed. She declined to state the nature of her illness.

Another witness said that she lived in Mrs. Rogers's house, had heard the dogs bark often, and that the same had a bad effect on Mrs. Rogers's health. This evidence was admitted over the objection of the defendant.

Defendant, on his own behalf, testified that he owned two large dogs and a puppy of the collie breed; that none of the neighbors, except Mrs. Rogers, had ever complained of them; and that since her complaint he had kept the dogs in the front cellar of his house; that he had not been informed of her ill health and had seen her out on the first day of the hearing.

Another witness, who lived in the adjoining house to defendant, testified that he had never heard the dogs howl or bark or disturb the quiet and comfort of the neighborhood, and that he would necessarily have heard the same had there been any. Three other witnesses, living in the nearest houses in the block, testified to the same effect. The court excluded this evidence on the ground that "the question as to the dogs barking and howling or disturbing the peace and quiet of the neighborhood was irrelevant and immaterial." Defendant then tendered a number of other witnesses living in the neighborhood to give evidence to the same effect, but they were not permitted to testify.

*Mr. John Lewis Smith* and *Mr. James B. Archer, Jr.,* for the plaintiff in error.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens* for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The counsel for the District of Columbia, being compelled to confess error in the admission of the certificate of the physician as evidence, seek to sustain the conviction on the ground that the remaining evidence was ample to show guilt of the particular offense charged, namely, disturbing the quiet and comfort of a certain person in ill health. This contention involves the question whether in the case of trial by the police court, any more than in a trial by jury, a conviction can be affirmed where material testimony has been erroneously admitted on behalf of the prosecution.

It is unnecessary to pass upon the question. The difficulty in the case is with the regulation itself. Whether it creates two offenses—one, that of disturbing the comfort and quiet of the neighborhood, and, second, that of disturbing the comfort and quiet of a person in ill health—is also unimportant in this consideration. The latter is the particular offense charged in the information, and, by express provision of the regulation, is "to be evidenced by the certificate of a duly licensed physician." We are not warranted in treating those words as mere surplusage. To do so would be to materially amend the regulation, and then undertake to enforce it as amended. Moreover, those words were evidently used for a purpose. They indicate clearly the manner in which the offense shall be proved, and that character of proof is plainly illegal. It follows, therefore, that the regulation is void and incapable of enforcement. We are not to be understood as meaning that the keeping of barking and howling dogs on one's premises in a populous neighborhood may not so interfere with the peace and quiet of the same as to become a nuisance within the power of municipal prohibition. One must so use and enjoy his own property as not to infringe the legal rights of others. All regulations looking to the protection of the rights of others in such cases must be reasonable, and the test of reasonability is that the prohibited use must be one naturally productive of material discomfort to persons of ordinary susceptibilities, tastes, and habits, and under ordinary circumstances exceptions cannot be made to meet cases of pronounced idiosyncrasies and infirm health. *Akers* v. *Marsh,* 19 App. D. C. 28, 42.

However this may be, the present regulation is invalid for the particular reason above given. The judgment will be reversed and the cause remanded, with direction to dismiss the information.

It is so ordered.                                      *Reversed.*